IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES ALLEN HENNIS, sui juris, and
SANDRA KAREN HENNIS, sui juris                                    PLAINTIFFS
                                                                       pro se

vs.                                              CIVIL ACTION NO: 2:10CV20-KS-MTP

TRUSTMARK BANK, ET AL.                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiffs' Petition for Summary Judgment [Doc. # 102] (April 5, 2010). Also pending before the Court is Plaintiffs' Motion for Reconsideration on Order Granting Motions to Strike Plaintiffs' Affidavits of Conditional Acceptance and Requests for Proof [Doc. # 117]. The Court, having reviewed the motion, the responses, the rebuttal, and being otherwise fully advised in the premises, finds that the summary judgment motion should be **denied**. The court specifically finds as follows:

**I. FACTS**

Plaintiffs filed suit against numerous Defendants, all creditors but for one lone debt collector.[1] Plaintiffs allege violations of the Fair Debt Collection Practices Act ("FDCPA") and the Social Security Act and also assert that the agreements are not valid because Plaintiffs

---

[1] Despite raising claims under the FDCPA, Plaintiffs have not alleged that any of the defendants are debt collectors, but Advanced Call Center Technologies, LLC, through its attorney, indicated during the Telephonic Case Management Conference that there was no debt instrument between it and Plaintiffs, and that they are merely debt collectors.

1

reserved their rights under UCC § 1-308, the contracts were made in the commission of a crime, namely in violation of the Social Security Act, and that the debts were paid off by bills of exchange that Plaintiffs allegedly mailed to Defendants. These claims were fully discussed in the Court's Order granting the motions to dismiss of several defendants. *See* Mem. Op. & Order [Doc. # 141]. Following this order, Trustmark Bank and Advanced Call Center Technologies, LLC, are the only remaining Defendants. Several Defendants, including Regions Bank, Trustmark Bank, and Discover Bank, filed counterclaims against the Hennises. [Docs. ## 9, 41, & 130]. From Plaintiffs' petition, it appears they are seeking summary judgment for both the claims they brought against Defendants and the counterclaims brought against them.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c)(2)*; see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which

highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

### III. APPLICATION

The Hennises' sole basis for summary judgment is that Defendants ignored Plaintiffs' "Affidavits of Conditional Acceptance and Request for Proof" [Docs. # 84-90] in which they demanded "proof of claims" within ten days. In their petition for summary judgment, Plaintiffs state:

> The DEFENDANTS have defaulted and dishonored the conditional acceptances in full view of the court  Wherefore the Plaintiffs petition the court to enforce the resulting agreement in favor of the Plaintiffs including...
>
> 1. Payment of injuries as per the notice and demands (that have remained unrebutted) and the conditional acceptances of $4,000,000.00 (Four million dollars and no cents) per day that the injury persists.
>
> 2. The closure of all alleged accounts and to remove or release all claims and liens on all property as per the notice and demands (that have remained unrebutted) and the conditional acceptances.
>
> 3. And to declare that the DEFENDANTS charges, claims and demands brought against James Allen Hennis, sui juris, and Sandra Karen Hennis, sui juris are false and fraudulent.

Pet. Summ. J. 1-2 [Doc. # 102].  In their rebuttal, Plaintiffs restate the mostly unfounded claims made in their complaint.[2] They also characterize each conditional acceptance as an "offer of settlement agreement," an "answer to all of the DEFENDANTS prior motions and demands," and documents "asking only for proof of claim." Rebuttal ¶¶ 17-19.  They insist that the Court

---

[2]In its Order on Defendants' Motions to Dismiss, all moving parties were dismissed with prejudice except Advanced Call Center.  The Court held that the Advanced Call Center had not met its burden of showing that there was no possibility of recovery under the theory that they violated the FDCPA by not validating the debt owed.

enforce the terms of the "Notice and Opportunity to Cure" attached to the conditional acceptances, and grant summary judgment because Defendants, instead of answering the proof of claims within ten days, filed motions to strike these "conditional acceptances" as premature discovery in violation of a previously entered court order. The magistrate judge agreed with Defendants that the conditional acceptances was merely an attempt at unauthorized discovery and granted Defendants' motions to strike. *See* Order [Doc. # 107]. The Order notes that "they request that Defendants answer various questions and provide documentation to support their responses" and that "many of these requests are identical to those set forth in the previous, stricken discovery requests." *Id.*

The Court adopts the Magistrate Judge's finding that these conditional acceptances are unauthorized discovery requests. Regardless of how the Plaintiffs designate the documents, they each demand answers to approximately 20 questions "accompanied by all evidence, documentation and your sworn oath or affidavit" and are not at all responsive to the arguments raised in the Defendants' Motions to Dismiss that the Plaintiffs have failed to state a claim for which there is relief under the law. Because they have been stricken, they cannot be the basis for summary judgment. As Plaintiffs have not provided any other basis for their motion, the Plaintiffs' Petition for Summary Judgment [Doc. # 120] is **denied**.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' Petition for Summary Judgment [Doc. # 102] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' Motion for

4

Reconsideration on Order Granting Motions to Strike Plaintiffs' Affidavits of Conditional Acceptance and Requests for Proof [Doc. # 117] is **denied**.

SO ORDERED AND ADJUDGED this the 12th day of May, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE