IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES ALLAN HENNIS, sui juris
SANDRA KAREN HENNIS, sui juris                                    PLAINTIFFS

VERSUS                              CIVIL ACTION NO.  2:10cv00020 KS-MTP

TRUSTMARK BANK, et al; REGIONS BANK, et al;
BMW BANK OF NORTH AMERICA, et al;
BMW FINANCIAL SERVICES OF NA, LLC, et al;
FINANCIAL SERVICES REMARKETING, INC., et al;
BMW CARD SERVICES et al; US BANK, et al;
MANIFEST FUNDING SERVICES, et al;
ADVANTA BANK CORP., et al; HSBC BANK, et al;
DISCOVER BANK, et al; DISCOVER CARD SERVICES, et al;
BELK, et al; GE MONEY BANK, et al;
ADVANCED CALL CENTER TECHNOLOGIES, LLC, et al;
GM FLEX CARD, et al                                              DEFENDANTS

ORDER

THIS MATTER is before the court on the following motions:  [159] Trustmark National

Bank's Motion to Strike Plaintiffs' Offer of Settlement; [161] Regions Bank's Motion to Strike

Plaintiffs' Offer of Settlement; [164] Discover Bank and DFS Services LLC's Motion to Strike

Plaintiffs' Offer of Settlement; [165] BMW Financial Services NA, LLC; BMW Bank of North

America; BMW Card Services, a/k/a BMW Bank of North America and Financial Services

Remarketing, Inc.'s Motion to Strike Plaintiffs' Offer of Settlement; and [168] HSBC Bank

Nevada, N.A.'s Motion to Strike Plaintiffs' Offer of Settlement.  Having considered the

submissions of the parties and applicable law, the court finds that the motions should be denied in

part and deemed moot in part, as set forth below.

Federal Rule of Civil Procedure 12(f) allows materials to be stricken from the pleadings

in certain circumstances.  The Plaintiffs' Offer of Settlement was not filed of record with the

court, nor is it a pleading as defined in Fed.R.Civ.P. 7(a).  Thus, the Offer of Settlement is not subject to Fed.R.Civ.P. 12(f) and Defendants' motions to strike must be denied.

Defendants' motions also express concern that the Offer of Settlement may be viewed as a discovery mechanism.  Although not clear from the face of the document itself, Plaintiffs state that the Offer of Settlement is not meant to be discovery as provided for in the Federal Rules of Civil Procedure.  [170, 171, 172, 173]  Therefore, to the extent Defendants request relief pertaining to any alleged discovery requests, such requests are moot and Defendants have no obligation to respond to them or to the "offers."

Further, HSBC Bank Nevada, N.A. ("HSBC"), was dismissed from this action with prejudice on May 10, 2010.  [142]  Accordingly, any relief demanded by HSBC is now moot.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

      1.      Defendants' motions [ 159, 161, 164, 165, 168] to strike are DENIED;

      2.      Motion [168] of Defendant, HSBC, is MOOT.

SO ORDERED on this the 21st day of June, 2010.


/s Michael T. Parker
United States Magistrate Judge