IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES ALLEN HENNIS, sui juris, and
SANDRA KAREN HENNIS, sui juris                           PLAINTIFFS
                                                                                                  pro se

vs.                                                       CIVIL ACTION NO: 2:10CV20-KS-MTP

TRUSTMARK BANK, ET AL.                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendant Trustmark National Bank's Motion for Summary Judgment [Doc. # 157] (June 4, 2010) and memorandum in support [Doc. # 158]. The Court, having reviewed the motion, the response, and being otherwise fully advised in the premises, finds that the summary judgment motion should be **granted in part and denied in part**. The court specifically finds as follows:

**I. FACTS**

Plaintiffs filed suit against numerous Defendants, all creditors but for one lone debt collector.[1] Plaintiffs allege violations of the Fair Debt Collection Practices Act ("FDCPA") and the Social Security Act and also assert that the agreements are not valid because Plaintiffs reserved their rights under UCC § 1-308, the contracts were made in the commission of a crime,

---

[1] Despite raising claims under the FDCPA, Plaintiffs have not alleged that any of the defendants are debt collectors, but Advanced Call Center Technologies, LLC, through its attorney, indicated during the Telephonic Case Management Conference that there was no debt instrument between it and Plaintiffs, and that they are merely debt collectors.

1

namely in violation of the Social Security Act, and that the debts were paid off by bills of exchange that Plaintiffs allegedly mailed to Defendants. These claims were fully discussed in the Court's Order granting the motions to dismiss of several defendants. *See* Mem. Op. & Order [Doc. # 141]. Following this order, Trustmark is the only remaining Defendant.[2] Trustmark is seeking summary judgment on these claims for failure to state a claim upon which relief can be granted.

Several Defendants, including Regions Bank, Trustmark Bank, and Discover Bank, filed counterclaims against the Hennises. [Docs. ## 9, 41, & 130]. Trustmark alleges that the Hennises have defaulted on four loans which were secured by various tracts of real property in Wayne County, Mississippi, and by farming equipment. Timothy Young, Trustmark's Associate Counsel, described the four loans by affidavit and referenced the copies of the documents entered as exhibits to Trustmark's Counterclaim. The four loans are as follows:

1. July 1, 2003 Note

The Hennises executed this promissory note for $96, 635.00 in favor of Trustmark, the current holder of the note. *See* Counterclaim, Ex. A [Doc. # 41] (Mar. 8, 2010). The Hennises executed a deed of trust in favor of Trustmark granting Trustmark first lien upon three tracts of Wayne County property owned by Sandra Hennis. *See* Counterclaim, Ex. B. The Hennises have failed to pay the amount due and Trustmark notified the Hennises of their default on December 22, 2009. The balance due was accelerated under the terms of the agreement, and, as of May 31,

---

[2]Although Advanced Call Center Technologies, LLC's Motion to Dismiss was denied in part, it has since been dismissed from the case with prejudice. *See* Agreed Order [Doc. # 184].

2010, the Hennises owe $71,977.01, which includes the unpaid balance plus accrued interest. Interest continues to accrue at the per diem rate of $11.839.

2. First April 11, 2008 Note

The Hennises d/b/a J&S Blueberry Farm executed this promissory note for $141,200.00 in favor of Trustmark, the current holder of the note. *See* Counterclaim, Ex. C. The Hennises executed a deed of trust in favor of Trustmark granting it first lien security interest upon twelve acres in Wayne County owned by the Hennises. *See* Counterclaim, Ex. D. Payment was also secure by a Commercial Security Agreement which granted Trustmark first lien security interest in all equipment, fixtures, and general intangibles. *See* Counterclaim, Ex. E. The security interest was perfected by a UCC-1 filing with the Mississippi Secretary of State. *See* Counterclaim, Ex. F. Although the Hennises are not in default on this particular note, the First April 11, 2008 Note states that "Borrower is in default under this Note if Borrower . . . defaults on any other loan with Lender." *See* Counterclaim, Ex. C. Because the Hennises defaulted on the July 1, 2003 Note, the balance due under the First April 11, 2008 Note was accelerated, and, as of May 31, 2010, the Hennises owe $132,188.18, which includes the unpaid balance plus accrued interest. Interest continues to accrue at the per diem rate of $24.316.

3. Second April 11, 2008 Note

The Hennises d/b/a J&S Blueberry Farm executed this promissory note for $65,800.00 in favor of Trustmark. Trustmark claims to be the current holder of the note; however, it has not provided a copy of this note. Trustmark claims that the final maturity date for this loan was

April 10, 2010, but the amount due has not been paid. Trustmark alleges that this note was secured by the same deed of trust in favor of Trustmark and the same Commercial Security Agreement as the First April 11, 2008 Note, as well as a second deed of trust for the same property. *See* Counterclaim, Ex. G. The Hennises have failed to pay the full amount due. The balance due was accelerated under the terms of the agreement, and, as of May 31, 2010, the Hennises owe $64,057.93, which includes the unpaid balance plus accrued interest. Interest continues to accrue at the per diem rate of $8.606.

### 4. Third April 11, 2008 Note

The Hennises d/b/a J&S Blueberry Farm executed this promissory note for $27,800.00 in favor of Trustmark, the current holder of the note. *See* Counterclaim, Ex. H. Although the Hennises are not in default on this particular note, the Third April 11, 2008 Note states that a borrower is in default if "Borrower fails to comply with . . . any term obligation covenant or condition contained in any other agreement between Lender and Borrower." *Id.* Because the Hennises defaulted on the July 1, 2003 Note, the balance due under the Third April 11, 2008 Note was accelerated, and, as of May 31, 2010, the Hennises owe $24,501.67, which includes the unpaid balance plus accrued interest.

Trustmark argues that there is no genuine issue of material fact with respect to its right to collect on balances due on promissory notes signed by the Hennises. and is seeking summary judgment on its counterclaims. They seek a judgment for the amount owed Trustmark, including interest, attorneys' fees, and costs, as well as court supervised judicial foreclosure on Trustmark's collateral.

## II. STANDARD OF REVIEW

Summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004). Material facts are those that "could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (internal citations omitted). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007). If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003). The nonmovant is not entitled to merely rest on his pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). If the nonmovant responds and still "no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni v. General Motors Corp*., 278 F.3d 448, 451 (5th Cir. 2002).

## III. LAW AND APPLICATION

### A. The Hennises' Claims Against Trustmark

The Hennises brought the same claims against all the Defendants in the case. As thoroughly set forth in this Court's Memorandum Order and Opinion [Doc. # 141] granting the Motions to Dismiss filed by several other Defendants, the claims brought by the Hennises against their creditors have no basis in law. Therefore, the claims against Trustmark shall be dismissed for the reasons previously given therein.

### B. Trustmark's Claims Against the Hennises

The Hennises have not disputed that they entered into the loan agreements with Trustmark, executed security agreements with Trustmark, and subsequently defaulted on some of the loan agreements. Nor have the Hennises taken issue with the amount owed. They do, however, complain that Trustmark has not "provided any proof of their possession of any alleged original wet ink contracts giving them any right or power of enforcement" and has "not disclosed the owner of any alleged wet ink contracts." Objection to Summ. J. ¶¶ 3-4.

In *Hill v. Consumer National Bank*, the Mississippi Supreme Court affirmed summary judgment entered in favor of a bank against a party who defaulted on a promissory note. *Hill v. Consumer National Bank*, 482 So.2d 1124, 1125 (Miss. 1986). The Court found that:

> The Bank supported its motion for summary judgment with a straightforward affidavit of and from its president, that the note was executed by Hill, was held by the Bank, was not paid when due and had not been paid as of the date of the affidavit. The affidavit with the note attached also afforded the means of computing the amount due and payable on any given day. The affidavit

established prima facie the Bank's entitlement to judgment.

*Id..* at 1128. The Court noted that after such a factual showing, a party opposing the motion "must be diligent in demonstrating to the Court that there is a genuine issue of material fact and that the movant is not entitled to judgment as a matter of law." *Id.* (citations omitted).

The Case Management Order set the discovery deadline as November 1, 2010, but required Trustmark to provide copies of "documents evidencing any debt owed to them by any plaintiff and a copy of a statement of account or other such document indicating what payments, credits, or charges have been made against the debt and the current balance" in its pre-discovery disclosures by April 26, 2010. See Order [Doc. # 116] (Apr. 16, 2010). Trustmark gave the Court notice that it had provided this information to the Hennises. *See* Notice of Service of Pre-Discovery Disclosure Information [Doc. # 114] (Apr. 15, 2010).[3] Trustmark disclosed most of the pertinent documents when they filed them as supporting exhibits to its counterclaim against the Hennises. The executed promissory notes for the July 1, 2003 loan, and the First and Third April 11, 2008 loans are in evidence, as are the above referenced Deeds of Trust, the Commercial Security Agreement, and the UCC-1 filing. Therefore, Trustmark has presented sufficient evidence to show that they are entitled to judgment.

Noticeably missing is a copy of the Second April 11, 2008 Note for the original principal amount of $65,800.00. While Trustmark did present a Second Deed of Trust, the document has been edited to hide the account number that it references. Although the Hennises have not

---

[3]The Case Management Conference was held on April 14, 2010, and Trustmark filed notice of pre-discovery disclosure the following day. The Case Management Order was not entered until the following day, April 16, 2010.

directly disputed that this loan existed or that the terms were other than those stated in the Young's affidavit, the Court does not find this to be sufficient evidence to support summary judgment in favor of the bank for this particular loan because, unlike the note in *Hill*, this note was not attached to the affidavit. Because Trustmark did not submit some evidence of this loan, the summary judgment motion as to the second April 11, 2008 Note is not properly supported.

The remaining grounds for the Hennises' objection to summary judgment are meritless. First, the Hennises argue that there is an appeal pending in the Fifth Circuit. Although the Hennises filed a notice of appeal [Doc. # 156] with the Court, the Court entered an Order [Doc. # 169] denying Rule 54(b) certification and the case has not been stayed. Regardless, no claims involving Trustmark were decided upon by the Court, and the Court specifically found that the appeal should be delayed until the resolution of this motion, since the issues decided and appealed are the exact same claims as those brought against Trustmark.

The Hennises repeat the argument that Trustmark is acting as a debt collector under 15 U.S.C. § 1692g and therefore are required to furnish proof of debt. Objection Summ. J. ¶ 5. In this Court's Order [Doc. # 141] dismissing the other lenders, the Court noted that "a debt collector does not include the consumer's creditors." *See* Order at 13. This argument, therefore, is insufficient to reverse the presumption that the banks are entitled to a judgment as a matter of law as found above.

The Hennises reurge their argument that Trustmark is not entitled to payment because they did not refuse to accept the bills of exchange and "have not disclosed what they have done with, or to whom they have sold the alleged original bills of exchange or their location." Objection Summ. J. ¶ 6. Frankly, what Trustmark did with these original bills of exchange is

immaterial because the Hennises have not provided any evidence that these documents were a proper negotiable instrument, and not just a worthless piece of paper. The legitimacy of these bills of exchange were thoroughly discussed in this Court's previous Order [Doc. # 141] dismissing the other lenders, *see* Order at 9-12, and for the same reasons stated there, this objection is insufficient grounds to create a genuine issue for trial.

The Hennises also argue the motion is premature because discovery is not complete. *See* Objection to Summ. J. ¶ 2. Nothing in the Federal Rules prohibits a court from ruling on a summary judgment motion before discovery is complete. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). Rule 56(f) supplies the appropriate remedy for parties who have not had time to gather sufficient facts to oppose a motion for summary judgment. FED. R. CIV. P. 56(f). The Rule states:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

FED. R. CIV. P. 56(f). The nonmovant must show "how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Washington,* 901 F.2d at 1285 (citations omitted). "The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Id.* (citing *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 873 (5th Cir. 1978)). The Hennises have not alleged what discovery they have been denied that would produce facts needed to withstand the summary judgment motion. This is an insufficient basis to oppose summary judgment.

In close, the Hennises quote the following Oath of Office in their Opposition Memo:

> I do solemnly swear (or affirm), that I will administer justice <u>without respect to persons</u>, and <u>do equal right</u> to the poor and to the rich, and that I will <u>faithfully and impartially</u> discharge and perform all the duties incumbent on me, according to the best of my abilities and understanding, <u>agreeably to the Constitution, and the laws of the United States.  So help me God.</u>

Opposition Summ. J. ¶ 8.  This Court has diligently and carefully considered all the claims presented by the parties, and has attempted to clearly and concisely address all the issues raised based on the facts in evidence and the applicable laws.  In this case, the Hennises entered into binding loan agreements and pledged their real property and equipment as security.  Having defaulted on these loans, and having failed to present a legitimate defense, they are now responsible for the balance due plus interest, attorneys' fees, and costs, and are subject to foreclosure sale of the collateral.  While the Court sympathizes with the Hennises' plight, this holding is the only one justified by the law and the facts.

### IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment [Doc. #157] filed on behalf of Trustmark National Bank is hereby **granted in part and denied in part.**

IT IS FURTHER ORDERED AND ADJUDGED that all claims against Trustmark National Bank are **dismissed with prejudice**.

IT IS FURTHER ORDERED AND ADJUDGED that Trustmark has presented into evidence promissory notes for $265,635.00 executed by the Hennises, and executed agreements

pledging real property and equipment as collateral. By entering into these agreements, the Hennises agreed to pay principal, interest, reasonable attorneys' fees, and collection costs and expenses in the event of default. The Hennises have failed to present any evidence that the promissory notes were invalid, that they were not in default, that the amounts sought are not actually the balances due, or any other evidence demonstrating a triable issue of fact. Therefore, judgment shall be entered in favor of Trustmark regarding its right to collect on the balances due for the July 1, 2003 Note, and the First and Third April 11, 2008 Notes, including its right to conduct a foreclosure sale on the collateral securing these notes.

IT IS FURTHER ORDERED AND ADJUDGED that Trustmark has failed to show that it is entitled to judgment as a matter of law on the Second April 11, 2008 Note because it has failed to attach the note. Therefore, Trustmark's motion for summary judgment is **denied** as to its claim for the balance due on the Second April 11, 2008 Note.

Trustmark shall submit to the Court a proposed judgment pursuant to L.U.CIV. R. 52(a) (2009). Once approved by the Court, the separate judgment will be entered herein in accordance with FED.R. CIV. P 58.

SO ORDERED AND ADJUDGED this the 30th day of July, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE