IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES ALLEN HENNIS, sui juris, and
SANDRA KAREN HENNIS, sui juris                               PLAINTIFFS
                                                                 pro se

vs.                                    CIVIL ACTION NO: 2:10CV20-KS-MTP

TRUSTMARK BANK, ET AL.                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Discover Bank's Motion for Default Judgment [Doc. # 166] (June 9, 2010) and Plaintiffs' Motion to Deny Default Judgment and Motion to Strike Clerk's Entry of Default [Doc. # 182] (June 22, 2010). The Court, having reviewed the motion, the response, the rebuttal, and being otherwise fully advised in the premises, finds that Defendant Discover Bank's Motion for Default Judgment [Doc. # 166] should be **granted** and Plaintiffs' Motion to Deny Default Judgment and Motion to Strike Clerk's Entry of Default [Doc. # 182] should be **denied**. The court specifically finds as follows:

Defendant Discover Bank filed its answer, defenses, and counterclaim on April 26, 2010 [Doc. # 130]. In its counterclaim, Discover Bank alleged that the James Allen Hennis defaulted on a revolving credit card account for $4,627.00, and sought a judgment in that amount plus interest, attorneys' fees, and costs. Discover mailed a copy using the U.S. Postal Service to the James and Sandra Hennis at "41 Don Williams Road, Waynesboro, Mississippi 39367," the same address that is listed on the docket and the same address used repeatedly and successfully by Discover, the other defendants, and the Court. Vicki McQueen, a paralegal for Defendant's

1

counsel, swore that the Counterclaim was mailed and was not returned as undeliverable. *See* Rebuttal, Ex. A. [Doc. # 189-1]. A Certificate of Service signed by Discover's attorney, Mark Tyson, certifies that a copy of the counterclaim was mailed by U.S. Postal Service to the Waynesboro address. On June 8, 2010, Discover filed a Motion for Entry of Default [Doc. # 160] alleging that entry of default was merited because Mr. Hennis had "totally failed or refused to answer of otherwise defend the allegations of Discover's Counterclaim." *See* Mot. Entry Default, Ex. A, Tyson Aff ¶ 5 [Doc. # 160-1]. On June 9, 2010, the clerk entered a default for failure to plead or otherwise defend the counterclaim [Doc. # 163]. On the same day, Discover filed its motion for default judgment at issue here. Mr. Hennis's only defense to this motion and the sole basis of his motion to strike the clerk's entry of default, is that they were not served with the alleged Counterclaim. *See* Pls.' Mot. ¶ 1.

Under the Federal Rules, "a party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." FED. R.CIV. P. 12(a)(1)(B). Rule 6(d) allows an additional 3 days for mailing. FED. R. CIV. P. 6(d). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Discover filed its counterclaim on April 26, 2010, and avers that it sent a copy to the Hennises at the address listed on the docket and the Certificate of Service. Therefore, the Mr. Hennis were required to, but did not, respond by May 20, 2010, and the clerk's entry of default on June 9, 2010, was merited.

Mr. Hennis has not shown good cause to set aside the default entered by the clerk. Federal Rules state that "the court may set aside an entry of default for good cause." FED. R.

CIV. P. 55(c). The Fifth Circuit has held that a "a court should not reopen a default judgment merely because the party in default requests it, but should require the party to show both that there was good reason for the default and that he has a meritorious defense." *McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970); *see also Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969) (requiring defaulting party to cite facts, and not mere conclusions, to demonstrate that different result is reasonably probable if relief is granted); *Robinson v. Griffith*, 108 F.R.D. 152, 154 (W.D. La. 1985) (considering whether failure to answer was gross negligence, whether non-movant had meritorious defense, and whether setting aside would prejudice party who secured default). Whether to set aside a clerk's entry of default is within the court's sound discretion. *See Moldwood*, 410 F.2d at 352. While the Court recognizes that a decision on the merits is favored over an entry of default, the court must also consider other policies, such as "maintenance of an orderly, efficient judicial system," "compliance with the rules of procedure," and "the speedy determination of litigation." 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2693 (3d ed. 1998).

Here, the Hennises claim that their failure to respond to the counterclaim was not willful, but instead, they had not been served with the counterclaim. Discover provides the affidavit of the paralegal who mailed out the counterclaim which was not returned as undeliverable. Plaintiffs have received notice of all other filings by Discover, the other defendants, and the court at this same address. Further, the Court referenced Discover's counterclaim in its Memorandum Opinion and Order denying Plaintiffs' summary judgment motion. *See* Mem. Op. & Order at 2 [Doc. # 145] (May 12, 2010) ("Several Defendants, including Regions Bank, Trustmark Bank, and Discover Bank, filed counterclaims against the Hennises [Docs. ## 9, 41,

& 130]."). Additionally, the Hennises seemed aware of their obligation to answer counterclaims.[1] They answered the counterclaims brought by Regions [Doc. # 24] and requested more time to answer Trustmark's counterclaims [Doc. # 63]. Although the request for more time was granted, the Hennises still failed to answer Trustmark's counterclaim.

Regardless of whether the failure to respond to the counterclaim was willful or a mere oversight of a procedural requirement by a *pro se* party, the other factors weigh in favor of upholding the clerk's entry of default. The Court previously found the Hennises' arguments in their complaint had no merit, in particular, that bills of exchange satisfied their debts. *See* Court's Order Granting Motions to Dismiss [Doc. # 141]. Now, Hennis, without contesting whether a debt is truly owed to Discover or the amount of that debt, wants the Court to strike the entry of default against him. Hennis has not alleged any meritorious defense to Discover's counterclaim, much less provided facts to support such a defense. No other valid defense can even be assumed from the most liberal reading of any of the *pro se* party's filings with the court, including the Hennises' initial complaint against Discover.

Finally, Discover would be prejudiced if the entry of default was stricken. It would be senseless for the court to burden Discover or the Court with the time and expense to pursue this legislation when Hennis has not offered a single defense or claim that has a basis in law. After due consideration of the opposing interests, the court finds that the clerk's entry of default should stand.

---

[1]Although a *pro se* plaintiff may be held to a less stringent standard in his or her briefing and the Court will broadly construe vague allegations, the *pro se* plaintiff is still required to comply with the procedural rules. *See Rolen v. City of Brownfield*, 182 Fed. App'x 362, 364-65 (5th Cir. 2006).

Having denied relief from the entry of the default, the court finds that entry of a default judgment under Federal Rule 55(b) is appropriate. *See* FED. R. CIV. P. 55(b)(2). Because Mr. Hennis did not answer the claims brought against him, the well-pleaded factual allegations of the complaint are to be taken as admitted. *See Compass Bank v. Golden Triangle Pipe & Water Supplies, Inc.*, No. 1:09cv233, 2010 WL 547372 at *3 (E.D. Tex. Feb. 9, 2010) (citing *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Mr. Hennis did not contest that he owed Discover $4,627.00 on his revolving credit account as stated in his counterclaim. Nor did he contest the amount of attorneys' fees assessed, $1,542.00, or interest at the statutory rate as requested by the motion for default judgment.[2] The amount sought in the default judgment does not exceed the amount prayed for in the counterclaim. Therefore, the court finds that default judgment shall be entered against Mr. Hennis. A separate judgment shall follow.

SO ORDERED AND ADJUDGED this, the 4th day of August, 2010.

                                                  *s/Keith Starrett*
                                                  UNITED STATES DISTRICT JUDGE

---

[2]"In collection suits, there is a rebuttable presumption that one-third of the judgment obtained is reasonable, where the fee is calculated to be no more than $5,000." *Gulf City Seafoods, Inc. v. Oriental Foods, Inc.*, 986 So.2d 974, 979 (Miss. Ct. App. 2007).