IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES ALLEN HENNIS, sui juris, and
SANDRA KAREN HENNIS, sui juris                                            PLAINTIFFS
                                                                             pro se

vs.                                                CIVIL ACTION NO: 2:10CV20-KS-MTP

TRUSTMARK BANK, et.al.                                                    DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Counter-Claimant Trustmark National Bank's Motion for Summary Judgment on Second April 11, 2008 Promissory Note [Doc. # 210] (August 2, 2010) and Counter-Claimant Regions Bank's Motion for Summary Judgment [Doc. # 225] (August 19, 2010) and memorandum in support [Doc. # 245] as well as a Motion to Vacate filed by the Hennises alleging "fraud in the court, lack of due process and new evidence" [Doc. # 224]. Following the filing of these motions, James Hennis, through his bankruptcy attorney, filed a Suggestion of Bankruptcy [Doc. # 226] (August 20, 2010), moving the Court to stay all proceedings against Mr. Hennis. His attorney, Tracy Walley, appeared in this case for the limited purpose of advising the court of the bankruptcy proceeding, and has not appeared as attorney of record for Mr. Hennis in the instant case. Since the Suggestion of Bankruptcy, Mr. Hennis has since filed another Motion to Vacate [Doc. # 241] (Sept. 10, 2010) arguing lack of jurisdiction. Additionally, Mr. Hennis has filed a nonsensical "Notice of Fault and Opportunity to Cure and Contest Acceptance" advising the Court that it has three days to respond to its equally non-

1

sensical "Notice to Agent is Notice to Principle Notice to Principle is Notice to Agent" [Doc. # 251] which was sent by certified mail to the Court and requested various "Proof of Claims."[1]

# I. BACKGROUND

This suit was commenced by the Hennises in this court on January 19, 2010, when they filed their complaint against numerous Defendants, all creditors but for one lone debt collector.[2] Plaintiffs allege violations of the Fair Debt Collection Practices Act ("FDCPA") and the Social Security Act and also assert that the agreements are not valid because Plaintiffs reserved their rights under UCC § 1-308, the contracts were made in the commission of a crime, namely in violation of the Social Security Act, and that the debts were paid off by bills of exchange that Plaintiffs allegedly mailed to Defendants. All of the claims brought by the Hennises have been dismissed. *See* Mem. Op. & Order [Doc. # 141]; Agreed Order [Doc. # 184]; Mem. Op. & Order [Doc. # 209] (July 30, 2010).

Several Defendants, including Regions Bank, Trustmark Bank, and Discover Bank, filed counterclaims against the Hennises. [Docs. ## 9, 41, & 130]. The Court entered default judgment in favor of Discover Bank because of the Hennises failure to answer the counterclaim. *See* Default J. [Doc. # 212]. The Court entered an order granting summary judgment on three of

---

[1]There are 46 of these "Proof of Claims" including, for instance, a request for proof that "the judge and prosecutor as well as ALL members of the Bar, have not forfeited their United States Citizenship by becoming members of the bar . . . ."

[2]Despite raising claims under the FDCPA, Plaintiffs did not allege that any of the defendants are debt collectors, but Advanced Call Center Technologies, LLC, through its attorney, indicated during the Telephonic Case Management Conference that there was no debt instrument between it and Plaintiffs, and that they are merely debt collectors.

2

the four promissory notes held by Trustmark Bank that were secured by the Hennises' various tracts of real property in Wayne County, Mississippi, and by farming equipment. *See* Mem. Op. and Order [Doc. # 209] and Trustmark has since filed its motion for summary judgment on the final note. *See* Mot. Summ. J [Doc. # 210]. Regions filed the above-referenced Motion for Summary Judgment alleging that the Hennises each defaulted on individual car loans, and seeks immediate possession for two vehicles and a judgment for the deficiency post-sale as well as reasonable attorney's fees and costs of court. Each pending motion is discussed below.

## II. LEGAL ANALYSIS

### Trustmark National Bank's Motion for Summary Judgment on Second April 11, 2008 Promissory Note [Doc. # 210] (August 2, 2010)

Under 11 U.S.C. § 362, James Hennis's petition for Chapter 13 bankruptcy automatically stayed any claims against James Hennis that are before this Court. The promissory note in question was executed by James and Sandra Hennis d/b/a J&S Blueberry Farms. Unless and until Trustmark seeks relief from the stay in the bankruptcy court under 11 U.S.C. § 362(d), (e), (f) & (g), and the bankruptcy court in its discretion grants such relief, resolution of this motion will be stayed.

### Regions Bank's Motion for Summary Judgment [Doc. # 225] (August 19, 2010)

Regions Bank's Motion for Summary Judgment is **granted in part and stayed in part**. On or about March 24, 2008, Sandra Hennis entered into an Installment Sale Contract and Security Agreement and pledged as security one (1) 2008 Saturn automobile, VIN

#5GZER23788J158400, with a loan amount of $27,600.00.  Sandra has defaulted on her loan, and her payments are past due in the sum of $2,772.34 as of April 8, 2010, with a balance of $21,708.71.  *See* Regions's Mot. Summ. J., Ex. A, Stevenson Aff. ¶¶ 2-3; Mem. Br. Supp. Mot. Summ. J., Ex. A, Installment Contract. Regions Bank seeks immediate possession of the 2008 Saturn, a judgment against Sandra Hennis in an amount to be determined by the Court for any deficiency after the vehicle is sold, attorney's fees, court costs, and out of pocket expenses.

On or about August 2, 2005, James Hennis entered into an Installment Sale Contract and Security Agreement and pledged as security one (1) 2004 Chevrolet K1500, VIN #1GCEK19V94E353074, with a loan amount of $12,500.00.  James has defaulted on his loan, and his payments are past due in the sum of $1,581.52 as of April 1, 2010, with a balance of $2,507.10.  *See* Regions's Mot. Summ. J., Ex. A, Stevenson Aff. ¶¶ 4-5 & Sub-Ex. B, Installment Sale Contract and Security Agreement.  Regions Bank seeks immediate possession of the 2004 Chevrolet, a judgment against James Hennis in an amount to be determined by the Court for any deficiency after the vehicle is sold, attorney's fees, court costs, and out of pocket expenses.

Summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c)(2)*; see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004).  Material facts are those that "could affect the outcome of the action." *Weeks*

*Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (internal citations omitted).  Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007).  If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003).  The nonmovant is not entitled to merely rest on his pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

In *Hill v. Consumer National Bank*, the Mississippi Supreme Court affirmed summary judgment entered in favor of a bank against a party who defaulted on a promissory note.  *Hill v. Consumer National Bank*, 482 So.2d 1124, 1125 (Miss. 1986).  The Court found that:

> The Bank supported its motion for summary judgment with a straightforward affidavit of and from its president, that the note was executed by Hill, was held by the Bank, was not paid when due and had not been paid as of the date of the affidavit. The affidavit with the note attached also afforded the means of computing the amount due and payable on any given day. The affidavit established prima facie the Bank's entitlement to judgment.

*Id.*. at 1128.  The Court noted that after such a factual showing, a party opposing the motion "must be diligent in demonstrating to the Court that there is a genuine issue of material fact and that the movant is not entitled to judgment as a matter of law." *Id.* (citations omitted).  Here, Regions has provided a copy of the Installment Sale Contract and Security Agreement, an

affidavit from Gina Stevenson, Regions Bank's Recovery Manager, stating the terms of the agreement and the extent of default, and copies of the certificate of title listing Regions Bank as first lienholder. Sandra Hennis has failed to demonstrate that there is a genuine issue of material fact that she entered in to the loan agreement, that the loan is in default, and that she is liable for the amount sought. Therefore, the Court **grants** Regions Bank's motion as to Sandra Hennis.

As noted above, under 11 U.S.C. § 362, James Hennis's Chapter 13 bankruptcy petition pending before Judge Neil P. Olack in the United States Bankruptcy Court for the Southern District of Mississippi, Hattiesburg Division under Case Number 10-51884-NPO automatically stayed any claims against James Hennis that are before this Court. The Installment Sale Contract and Security Agreement for the Chevrolet K1500 was entered into solely by James Hennis. Unless and until Regions Bank seeks relief from the automatic stay in the bankruptcy court under 11 U.S.C. § 362(d), (e), (f) & (g), and the bankruptcy court in its discretion grants such relief, or the stay is otherwise lifted, resolution of this motion will be **stayed.**

## Motion to Vacate filed by the Hennises alleging "fraud in the court, lack of due process, and new evidence" [Doc. # 224]

James and Sandra Hennis move the court "to vacate summary judgment for Trustmark, Strike Trustmark's motion for protective order, strike Trustmark's motion for summary judgment on second April 11, 2008 promissory note, vacate default judgment for Discover Bank, and reinstate Plaintiffs claims against all DEFENDANTS because of fraud in the Court, lack of due process and new evidence being brought forth into the Court." In support of their motion, the

Hennises have filed 381 pages of "miscellaneous articles, internet articles, deed of trust forms, and memora."

Under either Federal Rule 59 or 60, the Hennises have not met their burden to show they are entitled to relief from this Court's Orders and Judgments. For relief under Rule 59 the party must show (1) an intervening change of controlling law; (2) the availability of new evidence, or (3) the need to correct a clear error of law or prevent manifest injustice. *See* FED R. CIV. P. 59(e); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990). Rule 60(b) allows for relief from a final judgment, order, or proceeding due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Despite their allegations, the Hennises have not provided any evidence that they are entitled to relief from any of this Court's Orders or Judgments under either rule.

The Hennises have failed to demonstrate that there has been a change in law or that there was a clear error of law in the Court's prior rulings. Nor have the Hennises provided "new evidence" in support of their claims. The exhibits attached to their motion include articles that espouse views similar to the ones presented by the Hennises, but provide no more reasonable or

7

accurate legal basis than the previous pleadings filed by the Hennises.  The Hennises also include copies of and discussions about court rulings and pleadings from other jurisdictions.  However, these cases do not constitute "new evidence" nor do they demonstrate that the court erred as a matter of law.  Further, these cases were previously available to the Hennises.  These federal rules were not implemented to allow the party to reargue its original motion, allowing the party a "second bite at the apple."

Nor does the court find manifest injustice or fraud in the court.  "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case."  *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005).  Here, the Hennises have not pleaded specific fraudulent acts by the Defendants other than their failure to provide "original wet ink contracts," their failure to answer "'qualified written request' or discovery, " their "lack of response to the Truth and Lending Act (TILA)," "the fact that they had no right to file a counter suit as a servicer," and the general allegation that the "attorneys have disrespect and total disregard of this Court, the law, the people of the Mississippi the republic by pushing this foreclosure through, granting default judgments, dismissing claims and other actions without ever considering Plaintiffs evidence."  These allegations of fraud are both insufficient and unfounded.

Finally, the Hennises argue that they have been denied due process.  The Hennises argue that Rule 56 requires interrogation of the attorneys and that they have been denied their right to a jury trial.  However, a grant of summary judgment under the correct standard does not violate the Seventh Amendment right to a jury trial.  *See Fidelity & Dep. Co. of Maryland v. U.S.*, 187 U.S.

315, 320, 23 S.Ct. 120, 47 L.Ed. 194 (1902); *Webster v. Offshore Food Serv., Inc.,* 434 F.2d 1191, 1195 (5th Cir. 1970) *cert. denied*, 92 S.Ct. 44, 404 U.S. 823, 30 L.Ed.2d 50 (1971).

Further, the Hennises read too much into Rule 56. This rule provides that:

> If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.

FED. R. CIV. P. 56(d)(1). The Hennises presumably interpret this rule to mean that the Court is required to conduct a hearing. However, the notes to the 2007 Amendments expresses that, "Rule 56(d)(1), on the other hand, reflects the more open-ended discretion to decide whether it is practicable to determine what material facts are not genuinely at issue." Further, the courts have long held that a right to be heard by the court did not necessarily require that arguments be held in open court. *See Barker v. Norman*, 651 F.2d 1107, 1119 (5th Cir. 1981). The Hennises had notice of all motions filed in this case and had adequate time to submit memoranda and evidence in support of their claims and in defense of the counterclaims against them. *See Kibort v. Hampton*, 538 F.2d 90, 91 (5th Cir. 1976). The Court therefore finds no due process violations. In sum and based on the foregoing, the Hennises' motion to vacate should be **denied**.

### Motion to Vacate [Doc. # 241] (Sept. 10, 2010) arguing lack of jurisdiction

The Hennises' motion claiming that the Court lacks subject matter jurisdiction over the action is meritless. The Hennises argue that because the Fifth Circuit did not have appellate

jurisdiction, the District Court lacks subject matter jurisdiction. This claim is unfounded. *See United States v. Hitchmon*, 587 F.2d 1357, 1360 n.2 (5th Cir. 1979) ("It has been held in civil cases that an appeal that is clearly defective, either because of untimeliness or because taken from an unappealable order, does not divest the district court of jurisdiction."). The Fifth Circuit held that it lacked appellate jurisdiction over the Hennises' appeal of this court's rulings on less than all of the claims. The Fifth Circuit held that it lacked appellate jurisdiction pursuant to 28 U.S.C. § 1291 because the Hennises prematurely filed their appeal before the district court disposed of all claims and all parties. This Court specifically denied Rule 54(b) certification until all claims raised by the Hennises against the Defendants were addressed since they were similar in nature. *See* Order [Doc. # 169] (June 11, 2010). Notably, the Hennises instigated this litigation in this court alleging that the court had subject matter jurisdiction under 28 U.S.C. § 1331. They alleged the violation of several federal laws and cited United States Code. Therefore the court finds that the Hennises' motion to vacate for lack of subject matter should be **denied**.

### "Notice to Agent is Notice to Principle Notice to Principle is Notice to Agent" requesting various "Proof of Claims" and "Notice of Fault and Opportunity to Cure and Contest Acceptance"[Docs # 250 & 251].

It is unclear what the Hennises are seeking through these documents. It appears that the Hennises are saying that they will agree to the Court's rulings if it provides "proof" of the forty-six claims that the Hennises allege. The Hennises further allege that by failing to provide this "discovery" the Court has established its "acceptance, agreement, and general acquiescence" to the matter. Article III of the United States Constitution gives the federal courts jurisdiction over

live cases or controversies, and advisory opinions are not allowed.  *See U.S. Nat'l Bank of Oregon v. Indep. Ins. Agents of America, Inc*., 508 U.S. 439, 113 S. Ct. 2173, 124 L. Ed.2d 402 (1993).  "A federal court may not decide abstract questions or make abstract declarations of law."  *See* 32 Am. Jur. 2d § 597 (citing *North Carolina v. Rice*, 404 U.S. 244, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971); *In re Summers*, 325 U.S. 561, 65 S. Ct. 1307, 89 L. Ed. 1795 (1945); *Webster v. Reproductive Health Services,* 492 U.S. 490, 109 S. Ct. 3040, 106 L. Ed. 2d 410 (1989)).  Here, the "claims" alleged are, at best, the Hennises' interpretations of the law.  As they have no bearing on the issues remaining in the case, and the pleadings seek advisory opinions from the Court that are not permitted under the Constitution, the Court declines to address them.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Counter-Claimant Trustmark National Bank's Motion for Summary Judgment on Second April 11, 2008 Promissory Note [Doc. # 210] (August 2, 2010) is hereby **stayed** under 11 U.S.C. § 362.

IT IS FURTHER ORDERED AND ADJUDGED that Counter-Claimant Regions Bank's Motion for Summary Judgment [Doc. # 225] (August 19, 2010) is **stayed** as to the claim against James Hennis and **granted** as to the claims against Sandra Hennis such that Regions Bank is entitled to immediate possession of the 2008 Saturn, VIN # 5GZER23788J158400, as well as an amount to be determined by the Court for any deficiency after the vehicle is sold, attorney's fees, court costs, and out of pocket expenses.  A separate judgment shall be entered herein in accordance with FED.R. CIV. P 58.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Vacate filed by the Hennises alleging "fraud in the court, lack of due process and new evidence" [Doc. # 224] is **denied.**

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Vacate [Doc. # 241] (Sept. 10, 2010) for lack of jurisdiction is **denied**.

SO ORDERED AND ADJUDGED this the 30th day of September, 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE