**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

JAMES ALLAN HENNIS, sui juris, and
SANDRA KAREN HENNIS, sui juris                                      PLAINTIFFS
                                                                                                         pro se

vs.                                                                  CIVIL ACTION NO: 2:10CV20-KS-MTP

TRUSTMARK BANK, et.al.                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Counter-Claimant Regions Bank's Motion for Summary Judgment [Doc. # 225] (August 19, 2010) and memorandum in support [Doc. # 245]. In response, the Hennises have filed their "Objection to Regions Bank's Motion for Summary Judgment [Doc. #240] (Sept. 3, 2010) along with a "Motion to Strike Regions Bank's Motion for Summary Judgment Against James Allan Hennis" [Doc. # 268] (Nov. 24, 2010) which purportedly responds to the Motion for Summary Judgment and requests various other forms of relief. The Hennises' motion is a "Petition to Vacate Summary Judgment in Favor of Regions Bank against Sandra Karen Hennis, Petition to Strike Regions Bank's Motion for Summary Judgment Against James Allan Hennis, Petition to Vacate all Summary Judgments in favor of Trustmark Bank, Petition to Vacate all Default Judgments, and Petition to Vacate Trustmark's Protective Order."

On or about August 2, 2005, James Hennis entered into an Installment Sale Contract and Security Agreement and pledged as security one (1) 2004 Chevrolet K1500, VIN #1GCEK19V94E353074, with a loan amount of $12,500.00. James has defaulted on his loan,

1

and his payments are past due in the sum of $1,581.52 as of April 1, 2010, with a balance of $2,507.10.  *See* Regions's Mot. Summ. J., Ex. A, Stevenson Aff. ¶¶ 4-5 & Sub-Ex. B, Installment Sale Contract and Security Agreement.  Regions Bank seeks immediate possession of the 2004 Chevrolet, a judgment against James Hennis in an amount to be determined by the Court for any deficiency after the vehicle is sold, attorney's fees, court costs, and out of pocket expenses.

Summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004).  Material facts are those that "could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (internal citations omitted).  Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007).  If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003).

The nonmovant is not entitled to merely rest on his pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

In *Hill v. Consumer National Bank*, the Mississippi Supreme Court affirmed summary judgment entered in favor of a bank against a party who defaulted on a promissory note. *Hill v. Consumer National Bank*, 482 So.2d 1124, 1125 (Miss. 1986). The Court found that:

> The Bank supported its motion for summary judgment with a straightforward affidavit of and from its president, that the note was executed by Hill, was held by the Bank, was not paid when due and had not been paid as of the date of the affidavit. The affidavit with the note attached also afforded the means of computing the amount due and payable on any given day. The affidavit established prima facie the Bank's entitlement to judgment.

*Id..* at 1128. The Court noted that after such a factual showing, a party opposing the motion "must be diligent in demonstrating to the Court that there is a genuine issue of material fact and that the movant is not entitled to judgment as a matter of law." *Id.* (citations omitted). Here, Regions has provided a copy of the Installment Sale Contract and Security Agreement, an affidavit from Gina Stevenson, Regions Bank's Recovery Manager, stating the terms of the agreement and the extent of default, and copies of the certificate of title listing Regions Bank as first lienholder. James Hennis has failed to demonstrate that there is a genuine issue of material fact that he entered in to the loan agreement, that the loan is in default, and that he is liable for the amount sought. Therefore, the Court **grants** Regions Bank's motion for summary judgment as to James Hennis.

The arguments raised in the Hennises' petition are identical to the arguments in the Hennises' previous motion [Doc. # 224] and the court fully and finally addressed these

arguments in its Memorandum Opinion and Order dated September 30, 2010 [Doc. # 252]. For the reasons set forth in the Court's previous opinion, the Hennises' current motion should be **denied**.

IT IS THEREFORE ORDERED AND ADJUDGED that Counter-Claimant Regions Bank's Motion for Summary Judgment [Doc. # 225] (August 19, 2010) is **granted** as to the claims against James Hennis such that Regions Bank is entitled to immediate possession of the 2004 Chevrolet K1500, VIN #1GCEK19V94E353074 , as well as an amount to be determined by the Court for any deficiency after the vehicle is sold, attorney's fees, court costs, and out of pocket expenses.  A separate judgment shall be entered herein in accordance with FED.R. CIV. P 58.

IT IS FURTHER ORDERED AND ADJUDGED that the Hennises' Petition [Doc. # 268] is **denied.**

SO ORDERED AND ADJUDGED this the 30th day of November, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE