IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES ALLEN HENNIS, sui juris, and
SANDRA KAREN HENNIS, sui juris                                    PLAINTIFFS
                                                                                                        pro se

vs.                                                    CIVIL ACTION NO: 2:10CV20-KS-MTP

TRUSTMARK BANK, et.al.                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on "Plaintiffs Supplement to Petition to vacate Summary Judgment in favor of REGIONS BANK against Sandra-Karen: Hennis, Petition to strike REGIONS BANK'S Motion for Summary Judgment against James-Allen: Hennis, Petition to vacate all Summary Judgments in favor of TRUSTMARK BANK, Petition to vacate all Default Judgments, Petition to vacate TRUSTMARK'S Protective Order" [Doc. # 271] (Nov, 30, 2010) and "Petition to vacate all orders and judgments against Plaintiffs James-Allen: Hennis and Sandra-Karen: Hennis." [Doc. # 274] (Dec. 3, 2010).

The Court has, on numerous occasions, addressed the Hennises' complaints regarding the jurisdiction of the Court,[1] their right to wet ink contracts,[2] their right to due process and a jury

---

[1] "The Hennises brought suit against the Defendants in this court and alleged subject matter jurisdiction under 28 U.S.C. § 1331."  *See* Mem. Op. & Order at 10 [Doc. # 252].

[2] *See Hill v. Consumer Nat'l Bank*, 482 So.2d 1124, 1125 (Miss. 1986) (judging affidavit from bank president as sufficient to establish *prima facie* case that bank was entitled to summary judgment on past due note).  Federal courts nationwide have addressed and dismissed similar claims:

> In 2009, a foreclosure defense colloquially termed "show me the note" began circulating through courts across the country. *E.g., Sundell-Bahrd v. Tiffany & Bosco, P.A.*, No. CV 10-8096-PCT-MHM, 2010 WL 2595083, at *1 (D.Ariz.

1

trial,[3] the standing of the Defendants/ Counter-Claimants as the real parties in interest,[4] and

---

> June 24, 2010); *Wallis v. IndyMac Fed. Bank*, 717 F.Supp.2d 1195, 2010 WL 2342530, at *5 (W.D.Wash. June 8, 2010); *Zambrano v. HSBC Bank USA, Inc.*, Civ. No. 01:09-cv-996, 2010 WL 2105164, at *6 (E.D.Va. May 25, 2010); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1181 (D.Ariz. 2009). Advocates of this theory believe "that only the holder of an original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Sundell-Bahrd*, 2010 WL 2595083, at *1. Courts have routinely rejected the defense on the ground that foreclosure statutes simply do not require production of the original note at any point during the proceedings. *See, e.g., Mansour*, 618 F.Supp.2d at 1181.

*Stein v. Chase Home Fin., LLC*, Civ. No. 09-1995 (MJD/JJG), 2010 WL 4736828 (D.Minn., Aug. 13, 2010). The *Stein* court relied on Minnesota's definition of "holder in due course" which is identical to Mississippi's definition. *See id.* (citing MINN. STAT. § 336.3-302(a)); MISS. CODE. ANN. § 75-3-302(a). Under Mississippi law:

> . . . "holder in due course" means the holder of an instrument if:
>
> (1) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and
>
> (2) The holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in Section 75-3-306, and (vi) without notice that any party has a defense or claim in recoupment described in Section 75-3-305(a).

MISS. CODE. ANN. § 75-3-302(a)(1) & (2). The Hennises have not denied that they signed the documents, the Hennises received value, and there is no evidence that any of the defendants have acted in bad faith. The law simply does not require that a holder must present an original wet-ink contract in order to be the holder in due course.

[3]A grant of summary judgment under the correct standard does not violate the Seventh Amendment right to a jury trial. *See Fidelity & Dep. Co. of Maryland v. U.S.*, 187 U.S. 315, 320 (1902); *Webster v. Offshore Food Serv., Inc.*, 434 F.2d 1191, 1195 (5th Cir. 1970) *cert. denied*, 404 U.S. 823 (1971).

[4]"It appears that the Plaintiffs are claiming that the Defendants, which are corporations, are not 'persons' and are not entitled to appear in this Court. In the authority cited in the body of

whether federal reserve notes can be considered valid consideration.[5] *See generally* Orders [Docs. # 141, 145, 209, 252, 258, 261, 270]. Despite the issuance of numerous orders, the Hennises continue to raise the same issues in various motions filed with this Court. The Court may impose sanctions on parties that file frivolous motions. *See* FED. R. CIV. P. 11. Under this rule, when a party files a motion, he certifies, among other things, that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

FED. R. CIV. P. 11(b)(1) & (2). The Court may, on its own initiative, order a party to show cause why his conduct has not violated this rule. *See* FED. R. CIV. P. 11(c)(3).

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order

---

the motion, a corporation is clearly listed as a person (*see UCC 1-201*)." *See* Order (denying Plaintiffs' petition as frivolous and without merit) [Doc. # 261].

[5]This Court held that federal reserve notes provided under a loan or credit agreement would be deemed valuable consideration under clear and longstanding principal that Federal Reserve notes are legal tender. *See* Mem. Op. & Order 5-6 (*citing* 31 U.S.C. § 5103 ("United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues."); *Foret v. Wilson,* 725 F.2d 254, 254-55 (5th Cir. 1984) (per curium) (argument "that only gold and silver coin may be constituted legal tender by the United States, is hopeless and frivolous, having been rejected finally by the United States Supreme Court one hundred years ago" (citing *Julliard v. Greenman ("The Legal Tender Cases")*, 110 U.S. 421 (1884)); *U.S. v. Benson*, 592 F.2d 257 (5th Cir. 1979) ("Federal Reserve Notes are the common medium of exchange in all fiscal affairs of the nation. They are legal tender for taxes."); *Peter v. Fisher*, No, 3:09-cv-394-N(BH), 2009 WL 1605358 (N.D. Tex) (June 8, 2009) ("Plaintiff's claim that the Federal Reserve cannot issue paper money is a 'hopeless and frivolous' claim soundly rejected by the Supreme Court 125 years ago." (citations omitted)) [Doc. # 141].

> directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

FED. R. CIV. P. 11(c)(4).  The Hennises should be advised that future filings raising any of the five issues addressed above will be considered frivolous in violation of Federal Rule 11(b)(1) and (2) and they will be ordered to show cause why sanctions should not be imposed.  These sanctions could include fines payable to the Court, filing restrictions, or any other sanction the Court determines will deter frivolous filings in the future.

IT IS, THEREFORE, ORDERED AND ADJUDGED that "Plaintiffs Supplement to Petition to vacate Summary Judgment in favor of REGIONS BANK against Sandra-Karen: Hennis, Petition to strike REGIONS BANK'S Motion for Summary Judgment against James-Allen: Hennis, Petition to vacate all Summary Judgments in favor of TRUSTMARK BANK, Petition to vacate all Default Judgments, Petition to vacate TRUSTMARK'S Protective Order" [Doc. # 271] and "Petition to vacate all orders and judgments against Plaintiffs James-Allen: Hennis and Sandra-Karen: Hennis" [Doc. # 274] are **denied**.

SO ORDERED AND ADJUDGED on this, the 21st day of December, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE